(No. 83-CC-1779–

*In re* APPLICATION OF BEVERLY BLUNT.

*Opinion filed October 31, 1983.*

BEVERLY BLUNT, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES A. KOCH, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This claim arises out of the death of Kenneth L. Blunt, an internal investigator in the Office of the Secretary of State. The decedent's widow seeks compensation pursuant to the provisions of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 281, *et seq.*), hereinafter referred to as the Act. The verified application for benefits shows that Beverly Blunt was the wife and designated beneficiary of the decedent at the time of his death.

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General, a written statement of the decedent's supervising officer, and a report by the

Illinois Attorney General's office which substantiates matters set forth in the application.

Based upon the record in this matter we find the circumstances surrounding the death to have been as follows. On January 31, 1983, the decedent was driving to work in Springfield, Illinois, from Vandalia, Illinois, on Interstate 55 when he stopped near the Divernon exit to assist motorists whose car had slipped off the roadway onto the grass median area. While standing near the disabled vehicle, the decedent was struck by another car which slid off the roadway onto the median. He died instantly due to brain hemorrhage as a consequence of fractures of the base of the skull.

The Attorney General's investigation report states that the issue in this claim is whether the decedent was a law enforcement officer as contemplated by the Act. However, the report does not indicate what position the Attorney General takes concerning the issue.

The Act states:

"Section 2(a). 'Law Enforcement officer' or 'officer' means any person employed by the State or a local governmental entity as a policeman, peace officer, auxiliary policeman or in some like position involving the enforcement of the law and protection of the public interest at the risk of that person's life."

The record indicates that the decedent was an investigator for the Secretary of State who had achieved the rank of deputy director of internal affairs. He was sworn pursuant to the Illinois Vehicle Code and charged with enforcing the Vehicle Code in his capacity as an internal investigator at all times. His duties as an investigator included being subject to call to duty 24 hours of the day, every day of the year, and being bound to respond immediately, day or night, in any emergency, whether on or off duty, on notice that his services were needed.

In this case it appears that the decedent perceived what he thought to be an emergency when he saw the motorists and their car which had slipped onto the grass median. He responded on notice that his services were needed. While performing his duty to respond to an emergency he was exposed to the risk which caused him to lose his life.

By reason of the foregoing, this Court finds that the decedent was a law enforcement officer within the meaning of the Act.

It is hereby ordered that the sum of $20,000.00 (twenty thousand dollars and no cents) be, and hereby is, awarded to Beverly Blunt, the surviving spouse and designated beneficiary of Kenneth L. Blunt.